## Commonwealth v. Mitchell

*Robert E. J. Curran*, for Commonwealth.

*Walter M. Strine, Jr.*, for defendants.

DeFuria, J., December 19, 1968.—In this eminent domain case, the condemnees have filed a request and notice for oral depositions of four Commonwealth representatives, including condemnor's appraiser and engineer. The Commonwealth filed a motion to suppress the taking of these depositions, alleging that the engineering studies and appraisals were gathered in anticipation of litigation and are immune from discovery under Pa. R. C. P. 4011 (d).

The issue as to whether a condemnee may require a condemnor to divulge appraisals and engineering materials prepared in a condemnation matter has not been decided by the appellate courts of this Commonwealth.

The Eminent Domain Code of June 22, 1964, P. L. 84, similarly offers no authority for the land owners' demand. The only prior authority appears to be decisions of courts of common pleas in various counties.

The condemnee cites two cases to support his contention that the engineering studies and appraisals are discoverable under the Rules of Civil Procedure. In Commonwealth v. Sgarlat's Estate (No. 5), 48 Luz. 74 (1956), the Luzerne County Court, without supporting rationale, required the Commonwealth to provide the condemnee with its appraisals. The application made by the condemnee came after the Board of View hearings and before the trial. The other case cited by the landowner in this case is Klein v. Commonwealth, 9 D. & C. 2d 792 (1956). A reading of this opinion fails to indicate whether the appraisals involved were required to be delivered to the condemnee.

The Commonwealth cites three cases in support of its contention that the requested materials were gathered in anticipation of litigation. In Commonwealth v. Pierson, 35 D. & C. 2d 649 (1965), Judge Fullam of the Bucks County court reviews the cases cited by both parties in the instant case and concludes that the materials requested were prepared by the Commonwealth in anticipation of litigation. The Cambria County Court of Common Pleas, in Musulin v. Redevelopment Authority of City of Johnstown, 25 D. & C. 2d 267 (1961), reasoned that the appraisals were immune from discovery since the reports were prepared and were based on the elements of value which are recognized by the courts and were designed for use by the

Commonwealth in the event that the condemnee contested the question of value. A similar result was reached in the Philadelphia Court of Common Pleas in Construction of Vine Street Extension, 18 D. & C. 2d 115 (1959).

The landowner in this case has brought to our attention a recent study of this question in the Pennsylvania Bar Association Quarterly, vol. XL, no. 1, October 1968, prepared by Edward L. Snitzer, Esq. The purport of this article is to require the mutual exchange of appraisals by condemnor and condemnee. However, the author does not discuss the application of the present discovery rules to this problem; he simply would amend the Eminent Domain Code to require this mutual exchange of appraisals. For this proposal there is much to be said. In the event the code were amended to require the mutual interchange of appraisal materials, both surprise and delay would be diminished. Further, there is no reason in fairness or in logic why the Commonwealth, the condemnor, should not disclose its appraisal value, since it is obligated by law and equity to pay the condemnee the full and fair value.

However, it is our feeling that until and unless the legislature acts, the decision in this matter must be dictated by Pa. R. C. P. 4011(d) and the better reasoned opinions cited by the Commonwealth herein.

We, therefore, would grant the motion of the Commonwealth to suppress the depositions noticed by the condemnee in this case and grant a protective order.

## ORDER

And now, this December 19, 1968, in accordance with the opinion of this court, the application of the Commonwealth of Pennsylvania for a protective order suppressing the depositions of Maurice K. Goddard, John G. Rex, Richard G. deGrouchy and H. Gilroy Damon is granted.